UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                              **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 1:24-CV-P13-JHM**

**CODY FOX et al.**                                                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Versace Alan Scott, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff sues Cody Fox and Antonio Browder of the Logan County Sheriff Departments' Drug Task Force "for second attempted murder conspiracy to commit murder, covering up after the fact, retaliation against a federal witness, organized crime, police misconduct and police brutality." He alleges that he has an open FBI case on both Defendants "since the first time I was ran over by them with intent to kill me." He continues:

> They organized the crime for other members of the same department to retaliate against me for ratting . . . had me kidnapped and booked into jail which is wrongful imprisonment. I'm suing for fake charges and that's them organized crime and they cuffed me, beat me, had a body bag, and put me into a restraint chair, attempted to slice my throat and cut me to the bone 7 times with no medical treatment. This covers all grounds which I'm suing for."

(Cleaned up.)

Plaintiff requests $200,000,000.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### *A. Conspiracy*

Because Fox and Browder were not present when Plaintiff was allegedly was "kidnapped," booked into jail, beaten, put in a restraint, and cut "to the bone,"[1] the Court reads the complaint as alleging conspiracy to retaliate against Plaintiff.

---

[1] Although Plaintiff's use of "they" and "them" in the complaint results in less-than-desirable clarity as to who performed which actions, the Court is cognizant from many of the nearly 30 cases Plaintiff has filed in the last six

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).  The plaintiff must show the existence of a single plan, that the alleged co-conspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff.  *Id*.; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).  Moreover, a plaintiff must plead a conspiracy with particularity; vague and conclusory allegations unsupported by material facts are insufficient.  *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegation of conspiracy is wholly conclusory, suggesting at most a possible and not a plausible conspiracy.  *See Twombly*, 550 U.S. at 565.  Accordingly, his conspiracy claim fails to state a claim upon which relief may be granted.

### *B. Organized crime*

Plaintiff refers to "organized crime" in his complaint.

> "To prevent organized crime from 'obtaining a foothold in legitimate business,' Congress created a civil cause of action for [Racketeer Influenced and Corrupt Organizations Act] RICO violations." *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 483 (6th Cir. 2013).  RICO, 18 U.S.C. § 1961, et seq., provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in interstate or foreign commerce to conduct or participate in the conduct

---

months concerning the incidents in this complaint that Defendants Fox and Browder were not present when Plaintiff was allegedly was "kidnapped," booked into jail, beaten, put in a restraint chair, and cut "to the bone."  Plaintiff's claims of false arrest against Deputies Quinton Wright and Clayton Hall, and excessive force against Wright, Hall, Cameron Dye, Captain Garcia, and Robert Mintchie related to these allegations have continued past initial review in *Scott v. Logan County Jail*, No. 1:23-cv-P130-JHM.

of such enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c). To state a claim under the statute, a plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *ClassicStar*, 727 F.3d at 483.

*Dell'Aquila v. LaPierre*, 491 F. Supp. 3d 320, 331-32 (M.D. Tenn. 2020). Further, RICO law "requires that a plaintiff's injuries stem from an injury to business or property to confer standing." *Tucker v. Ky. Farm Bureau Mut. Ins. Co.*, 631 F. Supp. 3d 438, 448 (E.D. Ky. 2022) (citing *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 565-66 (6th Cir. 2013)). The Court will dismiss this claim for failure to state a claim since Plaintiff's purported injuries do not arise from an injury to his business or property. *See Tucker*, 631 F. Supp. 3d at 443–44 ("[T]he Sixth Circuit has clarified that RICO standing is squarely an issue of statutory standing. When a plaintiff has not sufficiently pled statutory standing, 'her claim should be dismissed for failure to state a claim upon which relief can be granted[.]'") (internal citations omitted).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: April 26, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009